**Louie C. WINGO, Appellant,**

v.

**Walter E. WASHINGTON et al.,**
**Appellees.**

**No. 21355.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 8, 1968.

Decided May 2, 1968.

---

Mr. Carleton U. Edwards, II, Washington, D. C., with whom Mr. Bernard Margolius, Washington, D. C., was on the brief, for appellant.

Mr. Leo N. Gorman, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and

Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellees.

Before BAZELON, Chief Judge, and FAHY, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

LEVENTHAL, Circuit Judge:

Appellant Wingo was a member of the District of Columbia Metropolitan Police Force from May 31, 1960, until May 25, 1965, and was involuntarily separated by order of the appellees, District of Columbia Board of Commissioners, on the latter date for "disability * * * not incurred in or aggravated by the performance of duty." The consequence of this holding is that under 4 D.C.Code § 529 (1967) appellant is not entitled to the pension he would have received if his disability had been caused or aggravated in the line of duty. The discharge followed a hearing before the Police and Firemen's Retirement and Relief Board (Retirement Board) held March 18, 1965, and was based on the diagnosis of Dr. Shapiro, a psychiatrist on the Board of Police and Fire Surgeons, that appellant suffered from "depressive reaction, chronic, severe with paranoid overtones." Appellant instituted this action for mandatory injunction in the District Court to challenge the appellees' action, and on cross motions for summary judgment, the complaint was dismissed.

Appellant contends that the District of Columbia Board of Commissioners and its delegatee, the Retirement Board, committed remediable error in failing to find that the mental condition which admittedly has disabled him was caused or aggravated by situations and incidents to which he was exposed in the performance of his duties.

In particular, appellant claims that his disability was the product of many factors including: a shooting and killing he committed in the line of duty in October 1960; mounting pressure of an assignment that subjected him to undue harassment; anxiety of awaiting the consequences of a disciplinary proceeding resulting from allegations of traffic ticket fixing in September and October 1964; the feeling that he was being spied upon by the police force; and the depression resulting from being called down by a superior officer for failure to perform an assignment according to regulation. It is appellant's primary contention that these incidents were contributing factors to his deterioration and ultimate unfitness.

Appellees' position is that there is sufficient evidence in the record before the Retirement Board to support the Board of Commissioners' conclusion that appellant's disability was caused exclusively by Wingo's anxiety over the ticket fixing affair [1] and was not aggravated by the other incidents to which appellant points. Appellees rely on 4 D.C.Code § 521(2) (1967) which excepts from the retirement statute's definition of "disability" diseases or injuries due to "willful misconduct."

In the light of Blohm v. Tobriner, 122 U.S.App.D.C. 2, 350 F.2d 785 (1965), the record and the findings of the appellees must be closely scrutinized. As the court said,

> Where it is the Police Department which initiates a proceeding to retire an officer against his will and for a disability which is alleged to be unrelated to his official service, the evidence of such lack of connection should clearly preponderate and be substantial and persuasive.

122 U.S.App.D.C. at 3, 350 F.2d at 786. Moreover, it cannot be doubted that the doctrine of Blohm supplies Wingo with these presumptions of line-of-duty disability. Monica v. Tobriner, 253 F.Supp. 851, 852–853 (D.D.C.1966).

We think that under Blohm the Government's view, that the police officer's disabling condition was not related to his service, must not only be supported

---

1. Alternatively, appellant argues that since Dr. Shapiro found him to be fit for duty on November 10, 1964, it follows that the cause for his disability arose thereafter and out of events other than the ticket fixing episode.

by substantial and persuasive evidence, but must also be supported by findings of the Retirement Board setting forth the material facts. In short, an action as significant as a retirement on a small pension, or none, should not be supportable on evidence that merely lurks in the record.

■ The administrative action is entitled to weight, but only if there are relevant findings and these in turn are supported by adequate evidence. The nature and depth of requisite findings cannot be spelled out in advance, but certainly they must be enough to indicate that consideration was given to claims of fact put forward by the employee in a case where, as in the case before us, those claims have at least some appearance of reasonableness and substantiality.

■ The findings need only be detailed once by the Retirement Board, and these can be adopted by the ultimate authority. This will at least ensure that the ultimate authority, which has a broader range of matters within its concern, will have before it findings that illuminate the basis of the recommendation, and focus any protest or objection.

■ In this case the Retirement Board (the doctor member dissenting) and the Board of Commissioners merely registered their conclusion that the disability was not work-related, and they failed to confront the facts on which appellant relies and the legal inferences those facts suggest.[2] *See generally* 2 Davis, Administrative Law Treatise ch. 16 (1958).

■ It is our view that the agency involved ought to have the opportunity to address itself to our objections. Ordinarily in such a case we would permit the administrative authority to explain its findings and refer to the items of record evidence it considered determinative. However, subsequent to the time that the District of Columbia Board of Commissioners passed upon appellant's cause, Executive Reorganization Plan No. 3 of 1967 became effective, and the functions of the Board of Commissioners have been transferred to a single Commissioner, commonly referred to as the Mayor. Since, in effect, a new agency will be taking a new look at this case we think it in the interest of justice to permit the parties to submit additional evidence that is material. We vacate the judgment of the District Court and remand the cause so that an order may be framed which provides for reconsideration by the Commissioner, within a reasonable time, of the decision of the Board of Commissioners.

So ordered.

2. We are advised by appellee at oral argument that the Retirement Board in its deliberations is not assisted by counsel, and we note that neither the Board of Commissioners nor the Retirement Board adverted to the doctrine of *Blohm,* or any of the judicial decisions which interpret the statute.