**Moses E. BREWINGTON, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

**No. 6029.**

District of Columbia Court of Appeals.

Argued Jan. 19, 1972.

Decided Feb. 23, 1972.

---

Carleton U. Edwards, II, Silver Spring, Md., with whom Benjamin Greenspoon, Washington, D. C., was on the brief, for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

The petition seeks a review of the decision of the District of Columbia Board of Appeals and Review (hereinafter Appeals Board) sustaining the order of the Police and Firemen's Retirement and Relief Board (hereinafter Retirement Board) involuntarily separating petitioner from the Police Department, pursuant to D.C.Code 1967, § 4–526, for a disability not contracted in or aggravated by the performance of duty. We vacate the order of the Appeals Board and remand this case for further proceedings because the Appeals Board failed to comply with the District of Columbia Administrative Procedure Act (hereinafter APA), D.C.Code 1967, § 1–1501 et seq. (Supp. IV, 1971).

■ We have recently held that this type of proceeding is a "contested case" under the APA and is, therefore, subject to our review. Johnson v. Board of Appeals and Review, D.C.App., 282 A.2d · 566, 568 (1971). Since the proceeding is a contested case, *all* of the procedures set forth in the pertinent section of the APA, D.C. Code 1967, § 1–1509 (Supp. IV, 1971), must be complied with. Section 1–1509(e) states in relevant part:

> Every decision and order adverse to a party to the case, rendered by . . . an agency in a contested case, shall be in writing and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. . .

■ In the instant case the Appeals Board neither specifically adopted the findings and conclusions of the Retirement Board nor promulgated its own findings and conclusions. The one-page decision of the Appeals Board merely states that "the Board gave consideration" to the record and findings of the Retirement Board. The Corporation Counsel contends that this is harmless error. However, we raised this issue sua sponte precisely because we view

such a failure to comply with the APA as reversible error. National Geographic Society v. District Unemployment Compensation Board, 141 U.S.App.D.C. 313, 317, 438 F.2d 154, 158 (1970). More than two years ago, twenty months before the Appeals Board considered the case at bar, we discussed the need for sufficient findings and conclusions as required by the APA and remanded a case for lack of sufficient findings. Allentuck v. District of Columbia Minimum Wage and Industrial Safety Board, D.C.App., 261 A.2d 826, 832–833 (1969). In spite of that decision and other similar holdings,[1] the Corporation Counsel argues that compliance with the unambiguous requirements of the APA is not required because this court should infer the basis of the Appeals Board's decision. Such an argument finds no support in either law or logic and evidences disregard for the clear and often repeated mandate of this court.

Both Congressional committee reports on the APA contain the following statement:

> The passage of this bill should increase the confidence of the public in the operations of administrative agencies of the District of Columbia and thereby add to administrative efficiency, to the benefit of all concerned. The confidence of the public and the bar can only be captured and retained if there are provided definite, objective, statutory standards of fair administrative procedure to guide, and if necessary to control the administrative powers of rulemaking and adjudication, and to assure a full right to judicial review when such powers have been abused or exercised in an arbitrary or unlawful manner.[2]

In order to achieve these salutary objectives, we must enforce all provisions of the APA. Therefore we will continue to order that administrative agencies specify the precise findings and conclusions which support their decisions and that their published rules conform to APA standards. This could be accomplished in the case at bar either by specifically adopting all or enumerated findings and conclusions of the Retirement Board or by issuing new findings and conclusions. Therefore, in accordance with the overwhelming federal and state law, we will not imply basic findings from the action taken.

> When Congress requires a finding, its instruction is not to be ignored or given only lip service. The need for articulation of findings requires the decision-making body to focus on the value to be served by its decision and to express the considerations which must be the bases of decision. . . . (Footnote omitted.) [Joseph v. FCC, 131 U.S.App.D.C. 207, 211, 404 F.2d 207, 211 (1968).]

*See also* National Geographic Society v. District Unemployment Compensation Board, *supra*; 2 F. Cooper, State Administrative Law 472 (1965); 2 K. Davis, Administrative Law § 16.07 (1958).

Another reason for detailed findings and conclusions by the Appeals Board in the instant case is the serious question of burden of proof raised by petitioner relating to an apparent conflict between the legislative history of D.C.Code 1967, § 4–527(2) (Supp. IV, 1971), and this court's decision in Johnson v. Board of Appeals and Review, *supra* 282 A.2d at 570–571, which did not consider the legislative history of the section for procedural reasons.[3]

---

1. Hill v. District of Columbia Unemployment Comp. Bd., D.C.App., 279 A.2d 501, 503 (1971); Woodridge Nursery School v. Jessup, D.C.App., 269 A.2d 199, 202 (1970) (see, especially, n. 16 detailing the proper procedure under this section of the APA).
   *See also* Wingo v. Washington, 129 U.S. App.D.C. 410, 413, 395 F.2d 633, 636 (1968).

2. S.Rep. No. 1581, 90th Cong., 2d Sess. 10 (1968); H.R.Rep. No. 202, 90th Cong., 1st Sess. 7 (1967).

3. D.C.Code 1967, § 1–1509(b) (Supp. IV, 1971), may also be relevant to the burden of proof question.

The order of the Appeals Board is vacated and this case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.