**Eugene F. MORGAN, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW,**
Respondent.

No. 6510.

District of Columbia Court of Appeals.

Argued Feb. 13, 1973.

Decided April 26, 1973.

————◆————

Carleton U. Edwards, II, Washington, D. C., with whom Benjamin Greenspoon,

Washington, D. C., was on the brief, for petitioner.

Earl A. Gershenow, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for respondent.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Petitioner, a member of the Metropolitan Police Department, who suffered two separate injuries while on official duty, appeals from an order of the Board of Appeals and Review (B.A.R.) finding that he is not disabled for duty and therefore not entitled to disability retirement from the Police Department.[1]

He was injured initially on November 16, 1969, while attempting to get a squad car out of a police garage. The garage door fell, glanced off his head and struck severe blows to his right shoulder and lower back. Petitioner was placed under medical treatment for his injuries until he was able to return to work on December 5, 1969. However, on December 17, 1969, he suffered a recurrence of the lower back pain for which he was hospitalized seven days and placed in traction by a police surgeon.

Petitioner returned to duty but on March 13, 1970, he reinjured his back in the course of attempting to control some juveniles at a public school, and fell while pursuing them down a flight of stairs. He was referred to an orthopedic specialist by the Police and Fire Clinic and the special-

---

1. Petitioner in addition to challenging the decision of the Board on the merits has alleged two other issues on appeal, one as to the propriety of the Police and Firemen's Retirement and Relief Board holding additional hearings after remand from the B.A.R. for findings of fact and conclusions of law pursuant to Wingo v. Washington, 129 U.S.App.D.C. 410, 395 F.2d 633 (1968), and a second issue as to the legality of Commissioner's Amended Reorganization Order No. 47 transferring the authority for judgment on retirement cases from the Board of Police Surgeons to the Police and Firemen's Retirement and Relief Board. Finding neither issue to have any merit, they are not dealt with in this opinion.

ist found that "it is likely that he did sustain a sprained mechanism of the cervical, dorsal and lumbar spine." (Tr. at 10.) Since the occurrence of the second injury, petitioner has been under medical evaluation, examination and treatment[2] intermittently. Although he has taken considerable sick leave, he is presently working on the force but out of uniform and without a weapon.

The proceedings for retirement began when, on December 10, 1970, it was recommended to the Police and Firemen's Retirement and Relief Board (Board) by a doctor on the Board of Police and Fire Surgeons that petitioner be considered for disability retirement as soon as possible.

A series of hearings ensued resulting in the final. order of the B.A.R. from which this appeal is taken. The testimony at the various administrative hearings consisted largely of medical and psychiatric testimony relating to the condition of the petitioner. This testimony, while conflicting in some respects, was harmonious in many others.

It was generally agreed that the X rays showed no fracture or bone damage, the myelogram was negative and, as of the spring of 1971 at least, there was substantial evidence that there was no limp, no anatomical injury, no atrophy or wasting of muscles, no apparent nerve root damage and nothing pressing on a nerve. There was some question as to whether some soft tissue damage remained and whether petitioner was disabled by virtue of psychiatric troubles stemming directly from the two accidents.

On the other hand, Dr. Rizzoli, the physician who treated him regularly, was of the view as late as May 1971 that petitioner had residuals of lumbar and cervical strain with large emotional overlay and that he did not believe he could be rehabilitated for the full duties of a policeman.

Dr. Rizzoli believed that a person with emotional overlay can be suffering real pain and he was satisfied that in this case it was not fanciful. He added that he thought the emotional overlay greatly outweighed the physical findings. This, however, was not the thrust of most of the evidence.

Before arriving at its final decision the B.A.R. twice remanded the case to the Board for findings of fact and conclusions of law. The record was updated with newly developed medical testimony at the first remand.

On March 28, 1972, the Board forwarded to the B.A.R. its findings of fact and conclusion of law holding that: "Eugene F. Morgan is not disabled from useful and efficient service in the grade or class of position last occupied by him." The findings of fact so forwarded include findings from the first hearing in February 1971, that the diagnosis was that of mixed psychoneurosis with features of anxiety, tension, depression and conversion predominating, and findings from the second hearing based on the testimony of Dr. Epps, an orthopedic surgeon, to the effect that Officer Morgan did not appear to be in acute distress and stood with his shoulders and pelvis level; that the spinal curve was normal; that he exhibited limited ranges of motion in the cervical spine on direct examination but that later on in the examination when Dr. Epps utilized Adson's Maneuver, which employs confusion and distraction techniques, Officer Morgan exhibited normal ranges of motion; that his grip was good; that there was no sensory impairment; that limited range of motion of the legs without pain was exhibited on direct examination but that once again through distraction techniques the motion range exhibited was normal and no pain was complained of; that there was no atrophy or wasting of the muscles, a condition found when there is an impairment of function

2. Petitioner has been examined and treated by specialists in the fields of orthopedics, neurosurgery, psychiatry and psychology.

over a period of time; that the officer complained of pain from the movement of certain toes and fingers in areas that could not anatomically produce such pain; and that the patient's complaints represented emotional overlay. Also included in the findings from the second hearing was a finding based on the testimony of Dr. Johnson, a member of the Psychiatric Department of the Board of Police and Fire Surgeons, that this case had the appearance of a conscious effort to promote a secondary gain, that is for money or a pension and a finding that the Psychiatric Department of the Board of Police and Fire Surgeons concluded on July 13, 1971, that he was "without psychiatric disease or illness."

The B.A.R., after hearing oral argument adopted the Board's aforementioned findings and conclusion in toto.[3] Petitioner claims this final order by the B.A.R. is unsupported by substantial evidence in the record.

The District of Columbia Administrative Procedure Act, D.C.Code 1972 Supp., § 1–1501 et seq. provides that findings and conclusions of administrative agencies are to be set aside on judicial review if found to be "unsupported by substantial evidence in the record of the proceedings before the court." D.C.Code 1972 Supp., § 1–1510(3)(E).

It appears that the Board relied heavily on the testimony of Dr. Charles H. Epps, who examined Officer Morgan in April 1971. That testimony together with other testimony and medical reports in the record provides substantial support of the Board's findings and conclusion as adopted by the B.A.R.

Accordingly the order of the Board of Appeals and Review is

Affirmed.

3. Such procedure was approved of and recommended in Brewington v. District of

Columbia Board of Appeals and Review, D.C.App., 287 A.2d 532 (1972).