**Geoffrey L. FISHER, Petitioner,**

v.

**POLICE & FIREMEN'S RETIREMENT & RELIEF BOARD of the District of Columbia, Respondent.**

**No. 9004.**

District of Columbia Court of Appeals.

Argued Jan. 14, 1976.

Decided Feb. 5, 1976.

Wade J. Gallagher, Washington, D.C., with whom Richard W. Galiher, William H. Clarke, Frank J. Martell and William J. Donnelly, Jr., Washington, D.C., were on the brief, for petitioner.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Washington, D.C., at the time the brief was filed, Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before REILLY, Chief Judge, KELLY and NEBEKER, Associate Judges.

**PER CURIAM:**

Petitioner, Geoffrey L. Fisher, complains of a determination by the Police and Firemen's Retirement and Relief Board that he be separated from the Metropolitan Police Department as disabled, D.C.Code 1973, § 4–529,[1] but finding that his disability was neither incurred nor aggravated by the performance of his duties as a police officer. D.C.Code 1973, § 4–527(1).[2]

On April 23, 1973, while on duty, petitioner suffered a head injury in a motor vehicle accident. From that time on petitioner has continually complained of double vision, dizziness and headaches which, he claimed, prevented his return to duty. He has twice been in the hospital and has been examined extensively by a neurosurgeon, an ophthalmologist, a neurologist, a psychologist, an ear, nose and throat specialist and a member of the Board of Police and Fire Surgeons. The resultant diagnoses were in conflict and recommendations on his fitness to return to work differed.

It is agreed that substantial and persuasive evidence is required to support a finding of non-service connected disability. *Lewis v. District of Columbia Board of Appeals and Review*, D.C.App., 330 A. 2d 253 (1974); *Blohm v. Tobriner*, 122 U. S.App.D.C. 2, 350 F.2d 785 (1965). In this case, on the basis of numerous medical reports and some testimony, the Board issued the findings of fact and conclusions of law which petitioner claims lack support in the evidence. To the contrary, he argues, on the evidence before it the Board clearly should have retired him for service connected disability under § 4–527(1) of the Code. Without reciting that evidence, which we have examined in detail, we conclude that whether we agree or disagree with the Board's determination, there is evidence of record which substantially supports its conclusion that petitioner's disability was neither caused nor aggravated by the accident sustained in the performance of his duties as a police officer. *See Lewis v. District of Columbia Board of Appeals and Review, supra; Johnson v. Board of Appeals and Review*, D.C.App., 282 A.2d 566 (1971), *cert. denied*, 405 U.S. 955, 92 S.Ct. 1175, 31 L.Ed.2d 232 (1972). Accordingly, the decision on review is

*Affirmed.*

---

1. D.C.Code 1973, § 4–529 provides:

   If any member is injured or contracts a disease during his first five years of service in his department which, in the judgment of the Board of Police and Fire Surgeons, disables him from performing further duty in his department, and if the Police and Firemen's Retir[ement] and Relief Board finds that such injury or disease was not incurred in the performance of duty in his department, such member shall, upon the approval of such finding by the head of his department, and without regard for the provisions of any other law or regulation, be separated from the service.

2. D.C.Code 1973, § 4–527(1) provides:

   Whenever any member is injured or contracts a disease in the performance of duty or such injury or disease is aggravated by such duty at any time after appointment and such injury or disease or aggravation permanently disables him for the performance of duty, he shall upon retirement for such disability, receive an annuity computed at the rate of 2½ per centum of his basic salary at the time of retirement for each year or portion thereof of his service: *Provided*, That such annuity shall not exceed 70 per centum of his basic salary at the time of retirement, nor shall it be less than 66⅔ per centum of his basic salary at the time of retirement. (Emphasis in original.)