384 A.2d 29 (1978)
John G. ARELLANO, Petitioner,
v.
DISTRICT OF COLUMBIA POLICE AND FIREMEN'S RETIREMENT AND RELIEF BOARD et al., Respondents.
No. 12229.
District of Columbia Court of Appeals.
Submitted November 23, 1977.
Decided March 8, 1978.
Charles H. Schulze, Washington, D. C., was on the brief for petitioner.
John R. Risher, Jr., Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., were on the brief for respondent.
Before KELLY, GALLAGHER, and HARRIS, Associate Judges.
HARRIS, Associate Judge:
Petitioner is an officer of the Metropolitan Police Department, for which he completed five years of service. He seeks review of an order of the Police and Firemen's Retirement and Relief Board in which he was found to be unfit for further service because of a non-service connected disability, and accordingly was retired under D.C.Code 1977 Supp., § 4-526. He claims that the Board's decision is unsupported by substantial evidence, is contrary to law, and constitutes an arbitrary and capricious abuse of discretion. He further contends that his disability, the existence of which he concedes, properly falls under the retirement provisions of D.C.Code 1977 Supp., § 4-527(1) or (2). Our jurisdiction derives from D.C.Code 1977 Supp., § 1-1510 and D.C.Code 1973, § 11-722. See Johnson v. Board of Appeals and Review, D.C.App., 282 A.2d 566, 567-68 (1971), cert. denied, 405 U.S. 955, 92 S.Ct. 1175, 31 L.Ed.2d 232 (1972). We conclude that the order was based upon factual conclusions which are unsupported by substantial evidence, and reverse.
*30 Petitioner was appointed to the Metropolitan Police Department on August 3, 1970. On December 22, 1972, he was in a serious automobile accident while on duty. He was taken to a hospital where he was treated and released. The next day he visited the Police and Fire Clinic complaining of pain in his neck, left shoulder, and back.
On September 28, 1975, while off duty, petitioner arose from a couch in his home to answer the telephone, whereupon he fell to the floor. He was taken to the Police and Fire Clinic, suffering excruciating back pain. He then was transported to a hospital for emergency treatment and was placed in traction. A myelogram was performed. It revealed a ruptured disk, which subsequently was removed through surgery. Since the operation, petitioner has continued to experience periodic back pain which would make it difficult for him to resume normal police duties.
Following a hearing, the Board made written findings (1) that petitioner is permanently disabled for further police performance; and (2) that the cause of the disabling disk rupture was petitioner's rising from his couch at home to answer the telephone while off duty. In light of those findings, the Board determined that the disability was neither caused nor aggravated by the 1972 on-duty automobile accident or by the general performance of petitioner's duties. The Board therefore concluded that petitioner was not entitled to the financial relief provided by § 4-527(1) or (2) of the Code, and ordered that he be retired from police service pursuant to the provisions of § 4-526.
Our standard of review in this type of case was explained in Johnson, supra, in which we held that in retirement benefit cases the test for resolving evidentiary attacks upon agency findings is "whether the challenged findings are supported by `substantial' evidence rather than by a `clear preponderance' of evidence." 282 A.2d at 571. Accord, Morgan v. Board of Appeals and Review, D.C.App., 305 A.2d 243, 245 (1973); see D.C.Code 1977 Supp., § 1-1510.
We first address the claim made in petitioner's brief that the evidence must be viewed "in [a] light more favorable to [him] than in the usual civil action," since "[t]he evidence of lack of duty connection should clearly preponderate and be substantial and persuasive." In Johnson, supra, we explained the government's burden of proof under subsection (1) of § 4-527, noting that "where a claimant makes a showing of a service incurred injury, the opposing side must then offer evidence disproving the logical inference that the ensuing disability was the long term result of such injury." 282 A.2d at 570. Thus, only if substantial evidence exists which could be said to disprove the inference of causation by an on-duty injury does our standard of review require us to uphold a finding by the Board that the government has met its burden of proof under subsection (1) of § 4-527. However, in Lewis v. Board of Appeals and Review, D.C.App., 330 A.2d 253 (1974), we reaffirmed the Johnson holding that a retirement benefits claimant has the burden of establishing on-duty aggravation of his injury or disease under subsection (2) of § 4-527. Id., at 255-56. Petitioner's assertion that he is entitled to a favorable presumption in our review of the evidence thus fails with regard to the second subsection of § 4-527.
Upon reviewing the entire record, we find that the evidence presented at the administrative hearing overwhelmingly supports petitioner's claim that his disability was caused by injuries he sustained in his on-duty automobile accident in 1972. The Board of Police and Fire Surgeons stated in a letter to the Board that petitioner had been disabled in the performance of duty. Dr. Guy W. Gargour, who specializes in neurological surgery, examined petitioner and stated in a report presented to the Board: "There is no question in my mind that the automobile accident of September 1972 was responsible for [petitioner's] symptoms." Dr. Samuel Q. Mitchell, a member of the Board of Police and Fire Surgeons who examined petitioner and testified at the hearing, agreed with Dr. Gargour's assessment of the cause of the disabling *31 symptoms, although Dr. Mitchell acknowledged that his conclusion did require some conjecture on his part. Dr. Mitchell twice stated that he felt that the 1972 on-duty automobile accident caused petitioner's disk to rupture in 1975, explaining that the accident "put [the rupture] in motion." Additionally, petitioner testified that he experienced back pain "off and on" consistently throughout the period from the accident until the 1975 operation, whereas he never had experienced such pain prior to his accident.
In the Board's Findings of Fact, it stated:
"The Board further finds that the cause of the rupture was getting up from his couch at home while off duty to answer the telephone." It rejected as "conjecture" Dr. Gargour's medical opinion that the automobile accident caused petitioner's disability, viewing as conclusive the fact that petitioner lost no time from work due to the accident and failed to report to the clinic for the injury after the immediate post-accident visit. The Board also rejected on the same grounds the opinion of the Board of Police and Fire Surgeons that the disability occurred in the performance of duty.
We find the Board's reasons for rejecting the unanimous opinion of the doctors submitting evidence to it to be without substantial evidentiary support. Dr. Mitchell testified that the period between the 1972 automobile accident and the acute onset of back pain in 1975 "is not a very long time" for such an injury to manifest itself. Thus the Board's concern over the fact that petitioner was not immediately disabled after the accident or bothered sufficiently by back pain before 1975 to visit the clinic for this reason is unsupported.
In view of the unanimous medical opinion supporting petitioner's claim and the lack of any evidentiary support for the Board's rejection of that opinion, we conclude that its finding that petitioner was disabled other than in the performance of duty is unsupported by substantial evidence. The Board's order therefore must be vacated, and the case is remanded for further proceedings consistent herewith.[*]See Stoner v. Police and Firemen's Retirement and Relief Board, D.C.App., 368 A.2d 524 (1977).
Reversed and remanded.
NOTES
[*] Our role terminates with a reversal and remand; it remains for the Board to reapply itself to the case. Stoner v. Police and Firemen's Retirement and Relief Board, D.C.App., 368 A.2d 524, 531 n. 12 (1977); see e. g., FCC v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656 (1940); McBride v. Smith, 405 F.2d 1057 (2d Cir. 1968); Hill v. District Unemployment Compensation Board, D.C.App., 302 A.2d 226, 230-31 (1973) (HARRIS, J., concurring in part and dissenting in part). But see Hill v. District Unemployment Compensation Board, supra, at 226-30.