■ In the Matter of the Claim of ALBERT A. THANHAUSER, Appellant, against MILPRINT, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which disallowed his claim for disability due to injuries which he sustained when struck by an automobile after alighting from his own car, stopped by reason of a flat tire. Claimant, an outside salesman, was requested by his employer to go from Albany, where he resided and maintained his office, to New York City to attend to some business there. He planned to remain away overnight and on the next day to make business calls at Poughkeepsie and Kingston on his return trip to Albany. In New York, after completing his business, he had dinner at a restaurant with his fiancee (whom he subsequently married), went with her to a movie and at about 11:30 P.M. started with her to Sands Point which is in Nassau County and normally, according to claimant, a 35 to 40 minute trip. The accident occurred on the Triborough Bridge. Claimant testified that at dinner he told his fiancee that he intended to stay at a hotel and to do some company work there that evening and that he then acceded to her suggestion that, instead of staying at a hotel, he accompany her to her home, where she lived with her parents, do his work there and spend the night. In a statement which he gave to carrier's investigator, claimant said that he started to take his fiancee home; and later in the document appears the statement, of some ambiguity: "I had intended to remain overnight at my father's home in Brooklyn." The statement was taken by the carrier's investigator while claimant was in the hospital suffering pain from a severly crushed leg, later amputated, and under heavy sedation. Assuming that the statement was illegally obtained (Penal Law, § 270-b) it was not incompetent or inadmissible on that account. (*Matter of Neff* v. *Franklinville Roofing Co.*, 283 App. Div. 903, affd. 308 N. Y. 946.) Its evidentiary weight was, of course, for the board, as was the credibility of claimant and his wife generally but the findings fail to indicate whether or not the board accepted the statement if, and insofar as, it may be construed to differ from claimant's testimony. More important, and indeed fatal, is the omission of the board to make any factual findings from which the basis of its decision may be discerned. Their absence, obviously, renders intelligent judicial review impossible

and requires reversal. In the memorandum of decision, the majority of the board panel states merely that the Referee's decision that "claimant had so seriously deviated from his employment that the accident did not arise out of and in the course of employment * * * is substantiated by the evidence." In its findings of fact the board merely designates as a "finding" its determination that "claimant did not sustain an accident arising out of or in the course of his employment", with no intimation whatsoever as to the factual basis therefor or as to the version of the journey's purpose which the board accepted. We could not find a fatal deviation, as a matter of law, upon assuming (as in such case, and absent any findings, we would have to do) the state of facts most favorable to claimant, i.e., that he intended to go to his fiancee's home, at a not unreasonable distance from New York, to perform work for his employer and to stay overnight. (Cf. *Matter of Daly* v. *State Ins. Fund,* 284 App. Div. 174, motion for leave to appeal denied 307 N. Y. 942; *Matter of Schreiber* v. *Revlon Prods. Corp.,* 5 A D 2d 207.) Further, and dependent upon the board's actual findings, the true test may be whether claimant "was engaged in a reasonable activity". (*Matter of Schneider* v. *United Whelan Drug Stores,* 284 App. Div. 1072, and cases there cited.) Decision reversed, with costs to appellant, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ., concur.