E. R. KINDRED, appellee, v. MILDRED A. CROSBY, appellant.

No. 49864.

(Reported in 100 N.W.2d 20)

DECEMBER 15, 1959.

Richard A. Strickler, of Des Moines, for appellant.

Irish & Haughey, of Des Moines, for appellee.

THOMPSON, J.—On March 28, 1938, the plaintiff and one Scott Crosby, also known as Bonny S. Crosby, were owners of real estate in Polk County described as: "Lot One (1) U. S. S., all West Half (W½) South of River, Section Three (3), Township Eighty (80), Range Twenty-five (25) West of the Fifth P. M., Iowa." On this date Crosby executed a quitclaim deed of his interest in the realty, with the name of the grantee blank, and delivered it to the plaintiff. The deed was not recorded until December 19, 1957.

On December 11, 1953, Bonny S. Crosby, with his then wife, Mildred A. Crosby, the defendant herein, executed and delivered a joint tenancy deed of the same interest to Bonny S. Crosby and Mildred A. Crosby. This deed was recorded on December 14, 1953. Crosby died during the month of October 1956, and

the defendant now claims to be the owner of an undivided one-half interest in the real estate above described by virtue of the deed last referred to.

It is evident that the case turns upon the priority of the two deeds: the first, delivered to the plaintiff, but not of record when the second deed was executed creating the joint tenancy and recorded. The defendant, as appellant here, makes in substance two contentions: the first deed was invalid because the name of the grantee was not filled in when it was delivered; and second, she is an innocent purchaser for value without notice of the prior unrecorded conveyance. The trial court found all issues with the plaintiff.

I. It is not disputed that Crosby executed the first deed in the presence of plaintiff, and delivered it to him. And it is conceded by the plaintiff that the name of the grantee was not filled in at the time of execution and delivery. He testifies that his own name was filled in as grantee, by his authority, shortly before the deed was recorded in 1957. But we think this avails the defendant nothing. The law is well settled in Iowa that equitable title passes by the delivery of a deed which leaves the name of the grantee blank. In Gilbert v. Plowman, 218 Iowa 1345, 1348, 256 N.W. 746, 748, we said: "It has long been held in this state that authority to a grantee to fill a blank in a deed is implied when the grantor delivers the deed fully executed in other respects." See also Augustine v. Schmitz, 145 Iowa 591, 124 N.W. 607, and Hall v. Kary, 133 Iowa 465, 110 N.W. 930, 119 Am. St. Rep. 639. Several earlier authorities are cited in the last named case. The question is so well settled that we shall not devote further attention to it. Defendant's contention at this point is without merit.

II. Defendant's further reliance is upon her claim that when she received the deed creating a joint tenancy between herself and her husband, Bonny S. Crosby, she had no notice of the earlier unrecorded deed and so became a purchaser for value and entitled to priority under section 558.41 of the Code of 1958, which has appeared in substantially identical form in the Iowa law for many years past. She denies any knowledge of the existence of the unrecorded deed under which the plaintiff

claims, and testifies that she paid her husband $200 for the execution of the joint tenancy deed upon which her rights rest.

It cannot be disputed that a bona fide purchaser for value without notice of an existing unrecorded conveyance obtains priority. But there are some things a claimant to such priority must do before it will be upheld in the courts of Iowa. First, he must plead and prove his status as such purchaser. In Young v. Hamilton, 213 Iowa 1163, 240 N.W. 705, the question was discussed at length. Certain Iowa cases holding that the burden of proof is upon the holder of the unrecorded instrument were overruled, and we concluded: "Plaintiff had the burden of pleading and proof that he was a subsequent purchaser · for valuable consideration without notice." See page 1173 of 213 Iowa, page 710 of 240 N.W.

In 107 A. L. R. annotations, pages 503, 504, Iowa is listed among the jurisdictions which place the burden of proof to show good faith upon the party claiming to be a purchaser without notice, and many Iowa cases, including Young v. Hamilton, supra, are cited. At pages 513, 514 of the same volume is this: "In accord with the general rule * * * the numerical weight of authority is to the effect that one claiming to be a bona fide purchaser as against the holder of a prior unrecorded conveyance or encumbrance has the burden of showing that he paid a valuable consideration for the conveyance to him, and this by other evidence than the recitals in the deed." Iowa cases are again cited as following this rule.

An examination of the record shows that the defendant here has failed to carry the burden required of her. Her answer is no more than a general denial of the material allegations of plaintiff's petition in equity praying that title be quieted in him. She has not met the first requirement, that she plead her status as a purchaser for value without notice.

Nor do we think she has carried the burden of proof. Her testimony is that she paid $200 in cash for the survivor deed. On cross-examination she was asked where she obtained the money, and she said she had saved it in small amounts while she was employed in Omaha some five or six years before the execution of the deed. She says that she came to the premises whose title is in question here on March 10, 1952. The plaintiff and

Crosby were then living there together. Kindred's wife had died in 1951, and Crosby had never been married, so far as the record shows. On June 10, 1952, the defendant and Crosby were married. The joint tenancy deed was dated December 11, 1953. So the sum which defendant says she paid for the deed was earned some years before. Upon cross-examination she testified that it was in small bills; and the record shows this: "Q. Where did you have the money just before you gave it to Mr. Crosby? A. My mother. Q. Where did she have it? A. She carried it in her purse. Q. You mean she carried this $200 for some five or six or eight years? A. Yes."

The defendant's mother, who was still living at the time of the trial so far as the record shows, and who might have corroborated her possession of the money, was not called as a witness. We have followed the rule set out in 58 Am. Jur., Witnesses, section 864, page 493, where it is said:

"However, while the jury is not warranted in arbitrarily or capriciously rejecting the testimony of a witness, neither is it required to accept and give effect to testimony which it finds to be unreliable, although it may be uncontradicted. Testimony may be unimpeached by any direct evidence to the contrary and yet be so contrary to natural laws, inherently improbable or unreasonable, opposed to common knowledge, inconsistent with other circumstances established in evidence, or so contradictory within itself, as to be subject to rejection by the court or jury as a trier of the facts."

 We ourselves have said: "The court is not required to accept as a verity uncontradicted testimony, but might well scrutinize closely such testimony as to its credibility, taking into consideration all the circumstances throwing light thereon, such as the interest of the witnesses, remote or otherwise." Gregory v. Gregory, 248 Iowa 672, 682, 82 N.W.2d 144, 150.

See also Gilmer v. Neuenswander, 238 Iowa 502, 507, 28 N.W.2d 43, 46.

We measure the testimony of the defendant as to her payment for the joint tenancy deed by the yardstick of her interest in the matter, and the reasonableness or improbability of the story she told, and the availability of corroboration which was not produced. Her whole case depended upon establishing a

consideration for the deed; her interest is apparent and strong. We think her story so evidently out of line with reason and probability that, as triers of the facts, we cannot accept it. It is possible that she had saved this money as she says; it is possible her mother carried it in her purse for "five or six or eight years" as she testified. But it is not in accord with the way people usually conduct their affairs. It is a story which cries for corroboration, if it is to be believed; but the one possible witness who knew the facts as to the saving of the money and its possession during those "five or six or eight years", defendant's mother, was not called, and no reason appears in the record why she could not have appeared and testified. It was obviously impossible for the plaintiff to contradict defendant's testimony at this point; and her counsel therefore assume it must be accepted as true. But we think, as triers of the facts, her interest in the case and the patent improbability of her story furnish sufficient contradiction, and destroy its weight.

The burden was upon the defendant to plead and prove her status as a purchaser for value without notice. She did not plead it; and we think, in view of our reluctance to believe her evidence as to payment for the deed under which she claims, it must be held she has failed to prove it.

III. Questions as to the recovery of rentals by the plaintiff were not determined by the trial court, which permitted the reopening of the case for that purpose if the plaintiff should choose to do so. The case is affirmed, and remanded to the trial court for further proceedings in regard to rent if the plaintiff shall so request within thirty days from the date of procedendo herein.—Affirmed and remanded.

All JUSTICES concur.