David **LANGFORD**, Appellee,

v.

**KELLAR EXCAVATING & GRADING,
INC., and Planet Insurance
Company, Appellants.**

**No. 54767.**

Supreme Court of Iowa.

Nov. 11, 1971.

Jones, Hoffmann & Davison, Des Moines, for appellants.

Francis J. Mullen, Chariton, and Timothy McCarthy, Des Moines, for appellee.

LeGRAND, Justice.

The question presented by this appeal is whether claimant is entitled to an award for permanent partial disability allegedly resulting from an accident sustained by him on April 8, 1967, while he was employed by the defendant, Kellar Excavating & Grading, Inc.

The deputy industrial commissioner denied his claim under review-reopening proceedings pursuant to section 86.34, The Code, 1966. He appealed to the district court and judgment was there entered reversing the review-reopening decision. We affirm the trial court.

The issue is a narrow one. It is conceded claimant sustained a compensable back injury for which he was paid 9⁴⁄₇ weeks compensation at the rate of $40.00 per week. Although he did not return to work for the defendant employer, he apparently recovered from his injury and was thereafter employed by other firms to do substantially the same type of work—operation of heavy equipment.

On January 20, 1969, he suffered excruciating pain in his lower back, which was ultimately diagnosed as a protrusion of the intervertebral disc between the 4th and 5th lumbar segments. He submitted to surgery on March 12, 1969, for the correction of this condition.

Claimant's application for review-reopening alleged his condition was the result of his 1967 injury. The deputy industrial commissioner denied his claim for additional compensation because he had "failed to meet his burden of proving that his present disability was a result of his original injury * * *."

Defendants introduced no evidence, and the record consists only of testimony of the claimant, his wife, and Dr. Robert A. Hayne, who performed the surgery on claimant's back.

■ Claimant's case must stand or fall on the testimony of Dr. Hayne. The deputy industrial commissioner found it was "inconclusive" and established no causal connection between claimant's present condition and the original injury. The industrial commissioner is the fact finder in workmen's compensation cases. We have variously expressed this rule by saying his findings are binding upon us if supported by substantial evidence; the facts determined by the industrial commissioner have the same effect as a jury verdict; and we may not interfere with such findings where there is a conflict in the evidence or when reasonable minds may disagree as to the inferences to be drawn from the evidence, whether disputed or not.

We mention only a few of the countless cases in which we have announced this principle. Henderson v. Jennie Edmundson Hospital, 178 N.W.2d 429, 431 (Iowa 1970); Musselman v. Central Telephone Company, 261 Iowa 352, 355, 154 N.W.2d 128, 130 (Iowa 1967); Bodish v. Fischer, Inc., 257 Iowa 516, 518, 133 N.W.2d 867 (1965).

■ On the other hand it is equally well settled we are not foreclosed from setting aside the commissioner's findings based on evidence which is both uncontradicted and from which reasonable minds could not draw different inferences. Musselman v. Central Telephone Co., supra, 261 Iowa at 355, 356, 154 N.W.2d at 130; Snook v. Hermann, 161 N.W.2d 185, 187 (Iowa 1968). Similarly we may intervene when the commissioner's decision results because he applied an incorrect rule of law to the facts found. Nelson v. Cities Service Oil Co., 259 Iowa 1209, 1214, 146 N.W.2d 261, 264 (1967).

These rules pinpoint the real dispute in the case. The parties have no serious disagreement as to the applicable law, but

cannot agree on which rule controls. The employer insists the commissioner's findings are on disputed facts—or those from which different inferences might be drawn —and are therefore binding. The claimant argues, first, the evidence is without conflict, either directly or as to permissible inferences, and, next, the commissioner applied an incorrect standard in ruling on the question of proximate cause.

He says either theory makes inoperable the precedents holding the commissioner's decision is binding on the courts.

■ Although defendant offered no evidence, this alone does not render the facts undisputed. The finder of fact may still reject the testimony as being without credibility or he may accept one of the several inferences flowing from it. In that event· his conclusion is binding on us. However, this does not mean the fact finder may arbitrarily or totally reject the offered testimony, simply that he has the duty to weigh it and determine its credibility. Deaver v. Armstrong Rubber Co., 170 N.W.2d 455, 464 (Iowa 1969). For discussions bearing on this point see Williams v. Cohn, 201 Iowa 1121, 1126, 206 N.W. 823, 825 (1926); Kindred v. Crosby; 251 Iowa 198, 202, 100 N.W.2d 20, 23 (1959); Bodish v. Fischer, Inc., 257 Iowa 516, 524, 133 N.W. 2d 867, 871 (1965) and Randall v. Mullen, 164 N.W.2d 589, 591 (Iowa 1969).

Applying these rules to the case before us, we conclude the deputy industrial commissioner did in fact accept the testimony of Dr. Hayne, as indeed we feel was proper. Having done so, however, he then rejected plaintiff's claim because the doctor testified several incidents occurring after the 1967 injury *contributed* to the condition for which plaintiff now seeks payment. The doctor's testimony may be summarized as follows:

He first examined claimant in March of 1969 and, after numerous tests including myelographic study and x-rays, diagnosed claimant's condition as a protrusion of the intervertebral disc between the 4th and 5th lumbar segments. Subsequent surgery revealed the protrusion was "extensive with severe impingement placed on the nerve component in the spinal canal." This condition produced the symptoms claimant was complaining about when first seen. The condition at the time of survey was "in all probability initiated by the strain on his back * * * some two years before." This had reference to the 1967 accident.

These questions and answers are important to our determination:

"Q. And with such an initial injury [in April 1967] would you say that this condition became progressively worse over that two-year period, allowing for periods of remission from symptoms? A. Yes. I think the history would tend to point toward that conclusion that in general his condition referable to the low back became progressively worse.

"Q. Are you in a position to say, Doctor, that it is improbable that this condition resulted either from leaning over to go through a fence earlier in the year of 1969 or from anything of comparatively recent, six months for instances, incident? A. I think this may have contributed to the end state, but in my judgment was not the primary injury which brought about the final condition we found.

"Q. And the end result which you found was the result then of the initial injury? A. At least it would have been initiated by that."

On cross-examination, Dr. Hayne testified in part as follows:

"Q. Now, then, Doctor, would it also be fair to say that while [claimant's condition] may have begun at this time in 1967, the specific incidents apparently referred to by the patient himself as occurring during the fall of 1969 and later in stooping to go under a fence, would have also been producing causes in terms of causing the extreme herniation that you found when

you finally did surgery? A. Yes, I think this is within the realm of probability."

Dr. Hayne elaborated on re-direct examination to explain that, given the initial injury in 1967, the ultimate condition found in 1969 was "probable if the individual continued to carry on various activities which would tend to place excessive strain on the disc and, as a consequence, to enhance the amount of injury." Dr. Hayne ventured the further opinion that claimant's continued work with heavy equipment would "tend to aggravate" the injury causing his condition to deteriorate "without regard to any particular incident that might occur."

As already noted, we believe the deputy industrial commissioner took *all* of the medical testimony as true and concluded from it there was a failure to establish causal connection between claimant's condition and his original accident.

We agree with the trial court that this resulted from requiring claimant to prove the accident of 1967 was the *sole* proximate cause of his present disability. We hold this is a greater burden than the law casts upon him.

■ Taking into account all of Dr. Hayne's testimony and giving full effect to it all, we hold the conclusion is inescapable as a matter of law that claimant's disability is directly traceable to the injury of April 1967, without which it would not now exist.

This is all claimant need prove. Defendant relies on several incidents in 1968 when claimant's back pained him after a day's work and another experience the day before his 1969 onset when he crawled under a fence while hunting.

We cannot agree these are of great significance. Dr. Hayne took them into consideration, conceding they may have contributed to the end result, but expressing the unshaken opinion that claimant's

present disability relates back to the 1967 injury.

What defendant really argues is that claimant would have had no additional disability if he had not returned to his usual work. From Dr. Hayne's testimony this is indeed a distinct probability. But what else does a heavy equipment operator do? Having been released from treatment in 1967 and being apparently able to return to work, claimant turned quite naturally to that employment for which he was best suited by experience and training. That this resulted in further disability is unfortunate—more so for him than for the defendants—but it does not alter the fact that, under Dr. Hayne's testimony, the original injury is a proximate cause of his present disability.

At no time did Dr. Hayne retreat from his statement that the 1967 injury was the precipitating cause of claimant's condition.

We adopt the *facts* declared by the commissioner, as we must, but we disagree, as we may, with the legal conclusion he reached by applying an incorrect standard of proximate cause to the established facts. Golay v. Keister Lumber Company, 175 N.W.2d 385, 387 (Iowa 1970); Paveglio v. Firestone Tire and Rubber Company, 167 N.W.2d 636, 640 (Iowa 1969); Pribyl v. Standard Electric Co., 246 Iowa 333, 337, 67 N.W.2d 438, 441 (1954).

Having concluded claimant sustained his burden of proof under this record as a matter of law, we hold further claimant is entitled to additional compensation for his injury, which has been found to be more serious and to involve greater disability than that for which he has been paid. Oldham v. Scofield & Welch, 222 Iowa 764, 767, 266 N.W. 480, 481, 269 N.W. 925 (1937); Rose v. John Deere Ottumwa Works, 247 Iowa 900, 905, 76 N.W.2d 756, 759 (1956); Wagner v. Otis Radio & Electric Co., 254 Iowa 990, 992, 993, 119 N.W.2d 751, 752 (1963).

We therefore affirm the trial court and remand the case to the industrial commis-

sioner for a determination of the extent of claimant's disability under the record made in the review-reopening hearing.

Affirmed and remanded to the Industrial Commissioner for further proceedings.

All Justices concur.