**Daniel CATALFO, Appellee,**

v.

**FIRESTONE TIRE AND RUBBER CO. and Liberty Mutual Insurance Company, Appellants.**

**No. 55749.**

Supreme Court of Iowa.

Dec. 19, 1973.

Jones, Hoffmann & Davison, Des Moines, for appellants.

Hawkins, Hedberg & Ward, Des Moines, for appellee.

McCORMICK, Justice.

This is an appeal by defendants from trial court's judgment reversing the decision of a deputy industrial commissioner in a workmen's compensation review proceeding under Code § 86.34. We affirm in part, reverse in part, and remand to the industrial commissioner with instructions.

It is undisputed that claimant sustained injuries to his head, neck, back, and arm on December 15, 1966, when he caught his left arm in a conveyor while operating a side-wall mill in the Des Moines plant of defendant Firestone. He was hospitalized and examined by Dr. Marvin H. Dubansky, an orthopedic surgeon, who found claimant had suffered a comminuted fracture of the left humerus, fracture of the left ulna, laceration of the left forearm, radial nerve palsy, and blistering of the upper back.

Dr. Robert C. Jones, a neurosurgeon, was called to assist. He found marked atrophy of the deltoid superior and inferior spinatous muscle on the left and numbness of the fifth cervical dermatone, adding up to a complete radial nerve palsy, later determined to be at the site of the humerus fracture, and possible cervical nerve root avulsion, later confirmed by electromyogram.

Drs. Dubansky and Jones carried out surgical repair of the humerus and radial nerve injuries February 10, 1967. Additional surgery was done March 13, 1967, repairing the left ulna and the skin on claimant's back, and on August 22, 1967, involving the humerus. Claimant's injuries healed sufficiently so that he was authorized by Dr. Dubansky to return to work fulltime on April 15, 1968. The doctor believed he was weak but work activity would help. Dr. Dubansky last saw him July 15, 1969, and found he had a 20 percent permanent partial physical impairment of the left arm. Since he did not treat claimant for his neck injury, he did not attempt to rate any disability from it and deferred to Dr. Jones' opinion.

The fighting issue in this appeal relates to what effect should be given Dr. Jones' testimony. He last saw claimant February 11, 1969. At that time claimant's complaints were posterior neck pain, headaches, low back pain and slight numbness of the left upper leg, dizziness in bending over, and numbness and poor dexterity of the left arm. The doctor acknowledged he could better evaluate disability from the complaints if he observed claimant at work. He said the pain in the neck and headaches were related to the neck injury and the dizziness possibly so. He testified claimant might find difficult all tasks involving bending, stooping, squatting, working in tight places, craning of the neck and low back. He also testified, "The problem with regard to the left arm has improved since the original injury, but I am led to understand that his incapacity with regard to the left arm is fairly well matched by his incapacity with regard to the neck pain and headaches." He did not expect any significant future improvement.

Following are relevant parts of the deputy industrial commissioner's review-reopening decision:

"The principal question to be determined here is the nature and extent of the claimant's disability, if any, resulting from the incident of December 15, 1966.

"* * * The record indicates that the claimant sustained injuries on December 15, 1966, to his head, back and arm. *It would appear, however, from reviewing the testimony of Dr. Dubansky and Dr. Jones, that the resultant disability attributable to this accident is confined to the arm.* Although 'injury' has been defined as the producing cause, it is the 'disability' which determines the extent of compensation a claimant may be entitled to. [citation] *The claimant's disability, to which both doctors referred, is apparently confined to his left arm.* The claimant's recovery, therefore, will be restricted to the schedule contained in Section 86.34 [85.34], Code of Iowa. [citations] (italics added)

"* * *

"* * *

"THEREFORE, after considering all the credible evidence it is held and found as a finding of fact:

"That the claimant, Daniel Catalfo, sustained a personal injury on December

15, 1966, which arose out of and in the course of his employment with the defendant, Firestone Tire and Rubber Company resulting in permanent partial disability to the extent of 20% of the left arm.

"That the claimant's disability is confined to the left arm and the functional impairment thereof."

Pursuant to Code § 86.26 claimant appealed directly to district court. Trial court read the deputy commissioner's decision as finding Dr. Jones' testimony true but applying an incorrect rule of law and held claimant established as a matter of law his right to recover for permanent partial disability of the body as a whole under Code § 85.34, subd. 2(u). The court remanded the case to the industrial commissioner for determination of the extent of claimant's permanent disability.

Defendants appealed. They contend the deputy's finding that claimant's disability is limited to his left arm is supported by substantial evidence and thus conclusive. Claimant argues for the position taken by trial court.

■ In this posture the case is like Langford v. Kellar Excavating & Grading, Inc., 191 N.W.2d 667 (Iowa 1971), where we recognized the longstanding rule that under Code § 86.30 the industrial commissioner is the fact finder in workmen's compensation cases. " * * * [H]is findings are binding upon us if supported by substantial evidence; the facts determined by the industrial commissioner have the same effect as a jury verdict; and we may not interfere with such findings where there is a conflict in the evidence or when reasonable minds may disagree as to the inferences to be drawn from the evidence, whether disputed or not." *Id.* at 668. Nevertheless, we said "this does not mean the fact finder may arbitrarily or totally reject the offered testimony, simply that he has the duty to weigh it and determine its credibility." *Id.* at 669.

In that case, where the deputy found the medical testimony in support of the claim to be true and such testimony established the causal relationship at issue, we held the deputy erred in applying an incorrect standard of proximate cause to the established facts.

■ We agree with defendants we cannot say and trial court should not have said in this case, as we did in *Langford,* that medical testimony was accepted by the deputy as true and entitled claimant to his requested recovery as a matter of law. We simply do not know what the deputy meant when he made the statements in his decision, "It would appear, however, from reviewing the testimony of Dr. Dubansky and Dr. Jones that the resultant disability attributable to this accident is confined to the arm" and, "The claimant's disability, to which both doctors referred, is apparently confined to his left arm." Did he overlook Dr. Jones' testimony as to disability from the neck pain and headaches? Did he find the doctor's testimony incredible? If so, was it because he did not testify truthfully or because claimant's complaints were spurious? Why did he reject, discount, or disregard it? If he found claimant's complaints were real and the doctor's testimony true, we believe the holding in *Langford* would require the result reached by trial court.

The above-quoted statements from the deputy's decision add nothing to his later finding that claimant's disability is limited to "permanent partial disability to the extent of 20% of the left arm." He does not say what evidence he adopted or what reasoning he used in reaching his conclusion that disability is limited to the arm.

Administrative findings of fact must be sufficiently certain to enable a reviewing court to ascertain with reasonable certainty the factual basis on which the administrative officer or body acted. *Cedar Rapids Steel Transp., Inc. v. Iowa State Commerce Commission,* 160 N.W.2d 825, 837 (1968), cert. denied, 394 U.S. 918, 89 S.Ct.

1189, 22 L.Ed.2d 451. Meaningful appellate review is impossible in the absence of reasoned findings of fact. Baltimore & Ohio R. Co. v. Aberdeen & Rockfish R. Co., 393 U.S. 87, 92, 89 S.Ct. 280, 283, 21 L.Ed.2d 219, 224, (1968); see United States v. Chicago, M., St. P. & P. R. Co., 294 U.S. 499, 511, 55 S.Ct. 462, 467, 79 L.Ed. 1023, 1032 (1935) ("We must know what a decision means before the duty becomes ours to say whether it is right or wrong."); Eastern-Central Ass'n v. United States, 321 U.S. 194, 212, 64 S.Ct. 499, 508, 88 L.Ed. 668, 680 (1944) ("We only require that, whatever result be reached, enough be put of record to enable us to perform the limited task which is ours.").

■ A deputy industrial commissioner is charged with making findings of fact and conclusions of law in proceedings before him. § 86.23, The Code. We believe the deference courts are required to give his findings of fact in a direct appeal from a review-reopening decision carries with it a correlative duty on his part to state the evidence he relies upon and specify in detail the reasons for his conclusions. His decision must be sufficiently detailed to show the path he has taken through conflicting evidence. When he disregards uncontroverted expert medical evidence he must say why he has done so. Otherwise we have no way to determine if he acted arbitrarily or misapplied the law.

Although we have not previously faced the dilemma presented by the deputy's decision in this case, other jurisdictions have, and they have generally adopted the rule we do. See Evans v. Workmen's Compensation Appeals Board, 68 Cal.2d 753, 68 Cal.Rptr. 825, 441 P.2d 633 (1968); Andrews v. C. B. S. Division, Etc., 118 So.2d 206 (Fla.1960); Moore's Case, 330 Mass. 1, 110 N.E.2d 764 (1953); McClary v. Wagoner, 16 Mich.App. 326, 167 N.W.2d 800 (1969); Thanhauser v. Milprint, Inc., 9 A.D.2d 833, 192 N.Y.S.2d 911 (1959); 3 Larson's Workmen's Compensation Law, §§ 80.13, 80.20; see also Wingo v. Washington, 129 App.D.C. 410, 395 F.2d 633 (1968); 2 Davis, Administrative Law, §§ 16.05, 16.06.

■ Trial court was right in vacating the deputy industrial commissioner's decision and remanding the case to the industrial commissioner. But the court was wrong in holding the deputy's findings of fact establish as a matter of law claimant's right to recover for permanent partial disability of the body as a whole. That remains a question of fact to be resolved on the present record by the commissioner or deputy pursuant to Code § 86.34 in a decision showing evidence relied upon, standards applied, and reasoning used in reaching conclusions of fact and law.

Affirmed in part, reversed in part, and remanded to the industrial commissioner with instructions.

All Justices concur except LeGRAND, J., who dissents and RAWLINGS, J., who joins the dissent.

LeGRAND, Justice (dissenting).

I dissent because in my opinion the findings of the deputy commissioner are not only supported by substantial evidence but are the only ones possible under the record before us.

The outcome of this case depends upon the testimony of Dr. Jones, one of the two doctors who testified at the review hearing. The other one—Dr. Dubansky—gave plaintiff 20 per cent permanent disability of his left arm, which was the basis for the award.

However, the majority says the deputy either disregarded or discounted Dr. Jones's testimony without explanation and without indication as to how or why he arrived at his conclusions concerning this medical evidence. I cannot agree; nor can I accept the rule which the majority apparently adopts: that findings on disputed facts in workmen's compensation cases cannot be sustained unless we are told *why* such findings were made.

I think the deputy gave Dr. Jones's testimony full credence in arriving at his decision. Both Dr. Dubansky and Dr. Jones testified by deposition. Both were extensively cross-examined. As already mentioned, Dr. Dubansky attributed to plaintiff a disability to his left arm. Dr. Jones gave no opinion as to any disability. In fact, he steadfastly refused to do so. This leaves the record in such a state that the only evidence of permanent disability is that given by Dr. Dubansky and the deputy commissioner allowed the full disability to which he had testified.

Although the record shows Dr. Jones was afforded numerous opportunities to give an opinion on plaintiff's disability, he did not at any time express an opinion on that matter. The closest he came—and it isn't very close—is in this statement on cross-examination:

"* * * I think that the problem with regard to the left arm is improved since the original injury, but *I am led also to understand* that his incapacity with regard to the left arm is fairly well matched by his incapacity with regard to the neck pain and the headaches." (Emphasis supplied.)

It is on this statement that the case is being remanded with instructions that the deputy clarify rulings which should already be crystal clear. I cannot believe the majority is really prepared to say this testimony is an expression of medical opinion upon which an award could be based. Quite the contrary, it bears out the doctor's earlier refusal to give any disability rating.

I agree the medical testimony of both doctors is unsatisfactory but we take the record as it comes to us, not as we would like it to be. From a careful review of Dr. Jones's testimony, it is indisputable that he expressed no opinion on plaintiff's permanent disability. If the deputy had reached a result other than he did on this record, the award would have been without evidentiary support.

Since I share none of the majority's uncertainty about how the deputy reached his decision, I cannot agree with its conclusion. I believe the trial court should be reversed and the review decision reinstated.

RAWLINGS, J., joins in this dissent.