**Herchel Eugene ANDERSON, Appellant,**

**v.**

**OSCAR MAYER & CO., Appellee.**

**No. 2–56180.**

Supreme Court of Iowa.

April 24, 1974.

Harold C. Lounsberry, Davenport, for appellant.

Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Claimant Herchel Eugene Anderson appeals trial court's judgment affirming an industrial commissioner's review decision denying him workmen's compensation benefits from his employer, Oscar Mayer & Co. The appeal presents four procedural questions and one question on the merits. We affirm.

Claimant sought compensation for a herniated disc which required surgical repair. Compensation was denied by one deputy industrial commissioner after an arbitration hearing conducted by another. The ground of denial was insufficiency of evidence to show the injury was work-connected. Review hearing was held by the industrial commissioner who denied compensation on the same ground. Appeal was taken to district court. Claimant filed a "motion to correct record" in which he

requested additions to the record transmitted to district court by the industrial commissioner. That motion was overruled. Then claimant moved for leave to file a petition for writ of mandamus to require the industrial commissioner to produce his hearing notes. This petition was overruled.

The district court appeal was submitted October 17, 1969. More than three years later, on January 23, 1973, the court filed its judgment affirming the decision of the industrial commissioner.

The questions presented for review are whether trial court erred (1) in failing to find prejudice in the fact the arbitration decision was made by a deputy who did not conduct the arbitration hearing, (2) in overruling the motion to correct the record, (3) in overruling the motion for leave to file petition for writ of mandamus, (4) in failing to find an abuse of discretion in the industrial commissioner's refusal to grant a continuance of the review hearing, and (5) in finding the commissioner's decision supported by substantial evidence.

■ I. *The deputy's decision.* The arbitration hearing was conducted by deputy Roxanne B. Conlin. Claimant testified in person. All other evidence was received by deposition. Deputy Conlin left office before deciding the case. Her notes and the evidentiary depositions were given to deputy E. J. Giovannetti who made the arbitration decision.

The deputy's decision was grounded on the insufficiency of medical evidence to show claimant's injury was work-connected. Deputy Giovannetti had the same medical evidence before him as deputy Conlin. It affirmatively appears in these circumstances claimant was not prejudiced by the fact the arbitration decision was made by a deputy who did not conduct the arbitration hearing.

This holding is supported by a statement in 2 Am.Jur.2d Administrative Law § 437

at 245, quoted by us with approval in Hinrichs v. Iowa State Highway Comm., 260 Iowa 1115, 1124, 152 N.W.2d 248, 254 (1967): "Neither due process of law nor the concept of a full or fair hearing requires that the actual taking of testimony be before the same officers as are to determine the matter involved * * *." See Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936).

The holding is also buttressed by the fact the claim was reviewed de novo by the industrial commissioner in the review proceeding. Section 86.24, The Code, provides in relevant part:

"At such hearing, the commissioner shall hear the parties, consider all evidence taken before the deputy industrial commissioner òr board of arbitration if it has been transcribed, and may hear ·any additional evidence, and he may affirm, modify, or reverse the decision of the board, or may remand it to the board for further findings of facts."

The industrial commissioner had a full transcript of all evidence submitted to deputy Conlin. His decision was independent of and uninfluenced by deputy Giovannetti's decision, and it is the review decision from which appeal is taken. § 86.26, The Code.

Although we do not endorse the procedure employed in making the arbitration decision in this case, we do not believe reversible error has been demonstrated.

II. *The motion to correct the record.* Claimant's motion to correct the record transmitted to district court by the industrial commissioner asked for (1) a change in punctuation in a deposition answer given by his treating physician, Dr. Dennis L. Miller, (2) for inclusion in the record of a notation that he orally moved for continuance of the review hearing and that such motion was overruled, and (3) for inclusion of a notation that the industrial commissioner refused to produce a record of the review hearing.

On June 30, 1969, more than a year after he gave his deposition, more than six months after the commissioner's decision was filed, and more than five months after appeal was taken to district court, Dr. Miller gave an affidavit indicating he believed there was unintended ambiguity in his deposition, and he thought claimant's work probably did cause the herniated disc. Seeking retroactively to strengthen the doctor's testimony, claimant sought to change the punctuation in one of the doctor's deposition answers.

The relevant testimony included:

Q. "Did the lifting have any causal connection with the complaints which resulted in the surgery? A. I presume you are referring to the lifting that he did.

Q. The lifting in general. A. The lifting in general. Certainly lifting is often a cause of a herniated disc."

Claimant requested that a comma or dash be placed after the word "certainly" in the last answer. There are at least three reasons trial court properly denied the request. The doctor does not assert he would have added the punctuation had he not waived reading and signing the deposition; the request for "correction" came much too late, no excuse for delay appearing; and even if the change were made it does not change the substance of the doctor's testimony.

The doctor later testified, "So to summarize, I think it is reasonable to say that the activity that he was performing could certainly be a cause of his herniated disc."

Trial court properly refused claimant's request to alter the doctor's deposition.

The other requests for change in the record related to an unreported oral motion for continuance, ruling and industrial commissioner's notes thereon. It was claimant's obligation to make his record before the industrial commissioner. Unreported proceedings are not part of the transcript upon which the legislature has directed appeals from the industrial commissioner be decided. The commissioner is required only to transmit to district court "a full and complete transcript of all documents in the case, including any depositions, and a transcript or certificate of the evidence, if reported, together with the notice of appeal." § 86.27, The Code.

There was no basis upon which the court could supplement the record as requested.

The motion to correct the record was properly overruled.

III. *The motion for leave to file petition for writ of mandamus.* Claimant filed a motion for leave to file petition for writ of mandamus in an effort to require the industrial commissioner to transmit to district court his personal notes taken at the review hearing. We pass the question whether mandamus would be available as an auxiliary remedy for such purpose. See § 661.5, The Code. We hold the motion was properly overruled on the same basis as the motion to "correct" the industrial commissioner's record in relation to unreported proceedings.

IV. *The motion for continuance.* Having failed to make his record in the first instance and having failed in his efforts to mend his hold in the second instance, claimant nevertheless asks us to assume he made a motion for continuance of the review hearing which the commissioner overruled. Then he asserts the commissioner abused his discretion in so ruling.

Claimant says he asked for a continuance so he could secure additional evidence relating to cause of his injury and additional disability. However, the only support for such a request in the record is an affidavit from claimant attached to his notice of appeal to district court from the commissioner's decision. The affidavit is dated October 28, 1968, three days before the October 31, 1968, review hearing. In it claimant recited only that he was suffering from additional disability resulting

from his injury and desired time to seek medical information connecting the additional disability to the prior injury.

In a later affidavit filed in district court claimant's attorney recited, "I requested that the [review] matter be continued for the reason that a further disability resulting from the injury to claimant's back had arisen and a further medical examination would be required, and an Affidavit was filed with the Industrial Commissioner to that effect."

Based upon these representations trial court was justified in holding as it did that claimant suffered no prejudice from the commissioner's refusal of his alleged request for continuance. The commissioner's decision turned on the issue of causation of the original injury and did not reach the issue of the extent of claimant's disability.

This case is thus much different from Polson v. Meredith Publishing Company, 213 N.W.2d 520 (Iowa 1973), where we found the commissioner abused his discretion in overruling a claimant's motion to reopen a review-reopening proceeding to present additional evidence relating to her change of condition. In Polson the record had been purposely left open for later filing of two medical depositions, and the evidence sought to be developed by claimant related to the very issue upon which the commissioner's decision was based. In the present case, since the case was decided on the issue of cause of injury rather than extent of disability, the evidence referred to in the affidavits could not have changed the result.

Assuming claimant made a motion for continuance of the review hearing on the ground set forth in the affidavits, and it was overruled, trial court did not err in holding he was not prejudiced by the commissioner's ruling.

■ V. *Sufficiency of the evidence.* Claimant contends the evidence before the commissioner compelled as a matter of law a finding his injury was proximately caused by heavy and continuous lifting in his work for defendant. We recently restated the rules defining the scope of review in district court of a workmen's compensation commissioner's decision. See Holmes v. Bruce Motor Freight, Inc., 215 N.W.2d 296, 297–298 (Iowa 1974). Those principles are not in controversy and need not be repeated here except to note the burden of proof is on the claimant to prove some employment incident or activity was a proximate cause of the health impairment on which he bases his claim; a possibility is insufficient; a probability is necessary; and the commissioner's findings have the force of a jury verdict.

The record includes testimony that claimant, age 25, started work with defendant January 19, 1967, after having worked as a truck driver for several years. He had also assisted his father in a landscaping enterprise which involved heavy lifting. He assisted his father occasionally after starting his job with defendant. In May 1967 he was involved in a motorcycle accident in which he received slight injury. He experienced no traumatic episode at work although his job involved considerable lifting. His back condition was gradually manifested, being first noticeable as chronic backache.

Three doctors testified. Dr. John J. Bishop, a company doctor, saw claimant July 17, 1967, at which time claimant gave a history of slight backache followed by three days of greater back pains. The doctor found marked restriction in claimant's forward flexion and muscle spasm of his lumbar muscles. He prescribed local heat, light work, and muscle relaxant. Dr. Bishop had no opinion as to the cause of the back problem.

Dr. Gordon Flynn, an associate of Dr. Bishop, saw claimant July 20, 1967. He concurred in Dr. Bishop's findings. Claimant gave him a history in which he reported no trauma. Dr. Flynn referred claimant to his private physician because he did not believe claimant's condition was work-connected.

On September 15, 1967, after his back had gotten worse, claimant saw and was thereafter treated by Dr. Dennis L. Miller, an orthopedic surgeon, who diagnosed the herniated disc and later repaired it surgically. As previously noted Dr. Miller testified lifting in claimant's work for defendant could be a cause of the herniated disc. He said lifting is a cause of such a condition in the great majority of cases but acknowledge there could be other causes.

The industrial commissioner found Dr. Miller's testimony as to possible causal connection insufficient upon which to award compensation, "particularly in view of heavy work and a traumatic episode outside of the work." He concluded claimant did not sustain his burden to prove his back impairment was causally related to his employment.

The commissioner thus made reasoned findings of fact as required by our recent decision in Catalfo v. Firestone Tire and Rubber Co., 213 N.W.2d 506 (Iowa 1973), where we held his decisions must show "evidence relied upon, standards applied, and reasoning used in reaching conclusions of fact and law." Id. at 510.

We do not believe this is a case like Langford v. Kellar Excavating & Grading, Inc., 191 N.W.2d 667 (Iowa 1971), where the commissioner found medical testimony that disability was work-connected to be true but denied recovery through application of an erroneous standard of proximate cause. The present case is bound by the rule in Giere v. Aase Haugen Homes, Inc., 259 Iowa 1065, 146 N.W. 2d 911 (1966), where we observed expert testimony that a condition could be causally related to a claimant's employment, although not sufficient alone to support a finding of causal connection, may be coupled with nonexpert testimony tending to show causation and thus be sufficient to sustain an award. However, such evidence does not compel an award as a matter of law. It is for the fact finder to determine its ultimate probative value.

The commissioner's findings of fact resulting in his denial of compensation have substantial support in the record. We are bound by them and have no basis to interfere with his decision.

One final note seems appropriate in this case. No reason appears in the record for the delay of more than three years from the time of submission of the appeal in district court until the decision of the court was filed. It is impossible to imagine circumstances which would justify that kind of delay in this or any other kind of case. The issues in all cases are of vital importance to the parties and are entitled to be put to rest after fair and full but expeditious deliberation. The issues in workmen's compensation cases have grave consequences in the lives of the workingmen affected. This is why the legislature designed a system intended to accomplish speedy, summary, informal and untechnical justice. See Polson v. Meredith Publishing Company, supra, 213 N.W.2d, at 526. We deplore the delay in the present case.

We find no reversible error.

Affirmed.