STATE of Iowa ex rel. IOWA
EMPLOYMENT SECURITY
COMMISSION, Appellant,

v.

IOWA MERIT EMPLOYMENT COMMIS-
SION et al., Appellees.

No. 2–57861.

Supreme Court of Iowa.

July 31, 1975.

Walter F. Maley, Blair H. Dewey and Ross A. Williams, Jr., Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Fred M. Haskins, Asst. Atty. Gen., for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

This appeal relates to an effort by plaintiff Iowa Employment Security Commission (appointing authority) to fire an employee covered by the state merit system. The state merit system of personnel administration is established in Chapter 19A, The Code. The appointing authority fired Frank Fiala, manager of its Mason City office, for alleged unrehabilitated alcoholism. He appealed his discharge to defendant Iowa Merit Employment Commission (commission) which, after hearing, changed the order of dismissal to a 14 week suspension without pay. The appointing authority challenged the commission's order by certiorari in district court. After hearing, the trial court annulled the writ. This appeal followed. We affirm the trial court.

The appointing authority is authorized to discharge, suspend, or reduce in rank or grade an employee for "unrehabilitated alcoholism." § 19A.9(16), The Code; 1973 Iowa Departmental Rules 649, rule 11.2. The employee has a right to appeal such action to the commission. After hearing, the commission may "affirm, modify, or reverse any case on its merits." § 19A.14, The Code. At the time involved here, judicial review could be obtained by certiorari in district court. § 19A.14, The Code, 1973. Now review may be sought within the terms of the Iowa Administrative Procedure Act. § 19A.14, The Code, 1975.

In its petition for certiorari in district court in this case, the appointing authority alleged ten reasons for what amounted to two grounds of illegality in the commission decision. One ground was a claim the hearing before the commission was unfair. The

other was an attack upon the sufficiency of evidence to support the commission decision. The trial court found no merit in these contentions. The appointing authority assigns these findings as error. In addition, the appointing authority contends the commission acted illegally in modifying the order of discharge. It also contends the trial court erred in failing to rule on its motion to strike the commission's return to the writ of certiorari and in awarding the Fiala back pay. Other contentions are made for the first time in the appointing authority's reply brief. They are made too late to be considered. *Union Trust & Savings Bank v. State Bank,* 170 N.W.2d 674, 675–676 (Iowa 1969); rule 344, Rules of Civil Procedure.

The case was submitted upon the return to the writ of certiorari, which included the transcript of the April 1974 commission hearing, and upon a motion for summary judgment by the appointing authority to which were attached a number of affidavits.

It is undisputed that Frank Fiala is an alcoholic. Conflicting evidence was received at the commission hearing regarding whether he then had his drinking problem under control. He had worked for the appointing authority for almost 30 years. For most of that time he had been an efficient and hardworking employee. However, in recent years his work was adversely affected by alcoholism. This became a serious problem during the two years before his discharge. The appointing authority warned him several times about his drinking. Upon application of his wife, he was committed in July 1973 to the mental health institute at Cherokee for alcoholism. He was released as recovered and refrained from drinking for a while. Then he began drinking again. In December 1973, he was suspended from work for five days.

The incident which triggered his discharge occurred January 24, 1974. An official from the Des Moines office made a routine visit to the Mason City office on that date and found Fiala in a lethargic condition which the official attributed to intoxication. Fiala was immediately suspended for 30 days. Then the appointing authority ordered his employment terminated on the ground of unrehabilitated alcoholism.

Fiala and his wife contended he was not intoxicated on January 24, 1974, but was affected by medication he was taking at his physician's direction. At the time of the hearing he had given up this medication. Subsequent to his suspension, Fiala voluntarily committed himself to the alcoholism treatment facility at Linville, Minnesota. He contended his treatment there was successful, he admitted he is an alcoholic, he said he was no longer drinking, and he also said he did not intend to drink in the future.

I. The appointing authority contends it was denied a fair hearing. This contention is primarily based on alleged bias of one of the members of the commission, James Morris, Jr., and an assertion that a record was not kept of everything said at the hearing.

The claim of bias against Morris is predicated on various remarks made by him during the hearing. Some of his remarks were allegedly made when the tape recorder used to record the proceeding was turned off. The affidavits attached to the motion for summary judgment characterized and described these remarks. Morris filed a counter-affidavit in which he asserted the transcript of the hearing was complete and denied any bias against the appointing authority. At best, we believe the record shows a tendency by Morris to comment on the evidence as it was being received and to express impatience with both sides in an effort to expedite the hearing.

No claim is made that any evidence taken at the hearing was not recorded. It appears the tape recorder used in the proceeding was turned off during several intervals in the hearing. At those times Morris is accused of having complimented Fiala and

having chided counsel for the appointing authority.

■ No objection was made by counsel for the appointing authority to commission procedure at the time of the hearing. No tenable reason is advanced for failure to request that the tape recorder be left running to include Morris's alleged remarks or for not noting and objecting to those remarks on the record. The appointing authority was obliged to make its record before the commission. § 19A.14, The Code; *cf. Anderson v. Oscar Mayer & Co.,* 217 N.W.2d 531, 534 (Iowa 1974). We agree with the trial court that in these circumstances the record at the hearing could not be supplemented by later affidavits.

■ Illegality in certiorari review may be based upon denial of a fair administrative hearing if the record discloses the administrative body entertained such bias toward the certiorari plaintiff that the plaintiff was denied a fair hearing. The administrative action would thus be shown to be arbitrary and capricious. Proof of illegality on this basis requires a showing of an adverse, preconceived mental attitude or disposition toward the plaintiff by the administrative tribunal of such substantial weight as to impair materially or destroy the impartiality necessary to a fair hearing. *Cedar Rapids Steel Transp. v. Iowa State Com. Com'n,* 160 N.W.2d 825, 836–837 (Iowa 1968), *cert. denied,* 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451. No such showing was made in the present case.

■ Administrative hearing officers, like judges, must act impartially and conduct fair hearings. Although commissioner Morris's conduct was not entirely judicious in this case, the appointing authority has not established its assertion it was denied a fair hearing by reason of bias.

■ The appointing authority adds two additional arguments apparently intended to support its claim of unfairness. In one it charges the commission with illegality in resolving the issue of Fiala's alleged unrehabilitated alcoholism. It maintains Fiala should have been required to prove his rehabilitation, his past service was irrelevant on the issue of penalty, and his conduct subsequent to suspension was irrelevant on any issue. In its other argument, it asserts the commission illegally narrowed its consideration of the evidence to the events of one day, January 24, 1974, ignoring Fiala's prior misconduct.

It is difficult to reconcile these arguments. However, they amount to dissatisfaction with the weight accorded the evidence by the commission. The record included all the evidence each party chose to offer. The commission's ruling shows it considered all the evidence, not simply the evidence regarding the events of January 24, 1974. In fact, as acknowledged by the appointing authority in its brief, the commission obviously agreed the appointing authority had cause to discipline Fiala for unrehabilitated alcoholism. Otherwise the commission would have simply reversed the order of discharge and reinstated Fiala.

The burden was correctly placed on the appointing authority to establish cause for discipline. When such cause was established, it was entirely proper for the commission to consider Fiala's past service, rehabilitative efforts, and all other aggravating and mitigating circumstances bearing upon the issue of penalty. The record does not show the commission considered impermissible factors or arbitrarily rejected the appointing authority's position regarding discharge.

Contrary to the premise of the appointing authority's arguments, Code § 19A.9(16) does not require discharge for unrehabilitated alcoholism. Discharge is authorized but not demanded. Suspension and reduction in rank or grade are alternative sanctions.

The appointing authority acknowledges the commission hears an employee's appeal de novo and, even when cause for employee discipline is shown, has statutory discretion to decide what that discipline should be. See § 19A.14, The Code. The fact the ap-

pointing authority desired Fiala's discharge and took a different view of the evidence than the commission is not sufficient to show the commission acted illegally in selecting a lesser penalty.

The claim the commission hearing was unfair is without merit.

■ II. The appointing authority also contends the commission acted illegally because its decision was "contrary to the clear weight of the evidence." This contention misconceives the proper scope of review of evidence in certiorari. When sufficiency of the evidence to support the findings of an administrative tribunal is challenged in district court by certiorari, the findings may not be upset when they are supported by substantial evidence. The fact the evidence would have supported opposite findings is of no significance. *Vohs v. District Com'rs of Fremont Cty., Etc.*, 218 N.W.2d 595, 596 (Iowa 1974). In authorizing review of commission action by certiorari, § 19A.14, The Code, 1973, did not enlarge the scope of certiorari review.

■ Here the administrative tribunal agreed with the appointing authority that Fiala was at the time of his discharge an unrehabilitated alcoholic but modified the sanction imposed "because of Mr. Fiala's long, successful previous service, some areas of legitimate dispute of fact and to an extent the state's policy of salvaging wherever possible otherwise valuable state employees * * *." Like the trial court we are unable to say this decision is without substantial evidentiary support, especially since it involved the exercise of discretion.

■ III. The appointing authority's contention that the commission lacked authority to modify Fiala's penalty was not urged in the petition for certiorari and cannot be raised for the first time here. *Erb v. Iowa State Board of Public Instruction*, 216 N.W.2d 339, 342 (Iowa 1974). See, however, § 19A.14, The Code, which expressly authorizes the commission to "affirm, modify, or reverse any case on its merits."

■ IV. The appointing authority's additional contention that the trial court erred in not ruling on its motion to strike the return to the writ of certiorari must also fail. A ruling was not requested. Without a failure or refusal to rule after a request to do so, no error is preserved for appeal. *State v. Schiernbeck*, 203 N.W.2d 546, 547 (Iowa 1973).

■ V. Similarly, we find no merit in the assertion that the trial court erred in saying Fiala was entitled to back pay. We agree with the appointing authority that the trial court was limited in ruling on the certiorari petition to entry of a judgment sustaining or annulling in part or whole the writ of certiorari. *Grant v. Fritz*, 201 N.W.2d 188, 199 (Iowa 1972). The court annulled the writ and did nothing more with it. The court did not exceed the limitation on its authority in certiorari actions.

It is true the court later entered an order noting Fiala was entitled to pay from May 1, 1974, the day after expiration of his suspension. This order simply declared the effect of the court's judgment annulling the writ of certiorari upon an order which the court had entered at the commencement of the certiorari action, upon request of the appointing authority, staying Fiala's reinstatement under the commission ruling during the pendency of the action in district court. After entering certiorari judgment, the court adjudicated Fiala's entitlement to pay from the date he would have been reinstated under the commission ruling but for the stay order. In obtaining the stay order, the appointing authority submitted to the court's jurisdiction to adjust Fiala's rights affected by it in the event the court upheld the commission's ruling. Since the certiorari action was unsuccessful, Fiala was entitled to be placed in the position he would have been in if the stay order had not been entered.

No reversible error has been established.

Affirmed.