**IOWA BEEF PROCESSORS, INC.,**
**Petitioner-Appellant,**

v.

**Leonard BURMEISTER and Iowa Industrial Commissioner, Respondents-Appellees.**

**No. 2–64356.**

Court of Appeals of Iowa.

Nov. 26, 1980.

Herbert R. Bennett of Bennett, Beisser & Wilke, Fort Dodge, for petitioner-appellant.

Claire F. Carlson of Kersten, Opheim, Carlson & Trevino, Fort Dodge, for respondents-appellees.

Heard by OXBERGER, C. J., and DON-IELSON, SNELL, CARTER and JOHN-SON, JJ.

PER CURIAM.

Petitioner-employer, Iowa Beef Processors, Inc., appeals from district court's ruling affirming the Industrial Commissioner's decision awarding claimant-employee, Leonard Burmeister, worker's compensation benefits for a temporary total disability. Petitioner claims 1) that the findings of the Commissioner are not supported by substantial evidence in the record as a whole, 2) that claimant failed to prove by a preponderance of the evidence that his injury arose out of and in the course of his employment with petitioner, and 3) that petitioner's substantial rights were violated by the district court's judgment and reversal is required. We affirm.

On December 27, 1976, Burmeister filed a claim for worker's compensation benefits alleging that he had contracted acute tracheobronchitis resulting in irritation of his lungs and windpipe, as well as other related ailments. He claimed that his condition was caused by the inhalation of certain caustic vapors emanating from a cleansing solution at his place of employment. Petitioner denied any causal connection between claimant's condition and his place of employment. On February 2, 1978, the Deputy Industrial Commissioner ruled that claimant was entitled to permanent benefits since the injury arose out of and in the course of his employment. On March 30, 1979, the Industrial Commissioner affirmed the deputy's findings that claimant's injury arose out of and in the course of his employment, but found that there was insufficient evidence to sustain the finding that claimant's injury was permanent. Petitioner sought further review in the district court which, on October 29, 1979, found that the Commissioner's decision was supported by substantial evidence and affirmed the decision. This appeal followed.

■ I. **Standard of Review.** Our review is not de novo. We are bound by the Commissioner's factfindings if they are supported by substantial evidence. *Hawk v. Jim Hawk Chevrolet-Buick, Inc.*, 282 N.W.2d 84, 85 (Iowa 1979); § 17A.19(8)(f), The Code 1979. We construe such findings broadly and liberally to support rather than defeat the Commissioner's decision. *Holmes v. Bruce Motor Freight, Inc.*, 215 N.W.2d 296, 298 (Iowa 1974). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *General Telephone Company of the Midwest v. Iowa State Commerce Commission*, 275 N.W.2d 364, 370 (Iowa 1979) (quoting *City of Davenport v. Public Employment Relations Board*, 264 N.W.2d 307, 311 (Iowa 1978)). The fact that an agency could draw two inconsistent conclusions from the evidence presented to it does not mean that one of those conclusions is unsupported by

substantial evidence. *City of Davenport,* 264 N.W.2d at 311.

**II. Sufficiency of the Evidence.** In the context of worker's compensation law, "[t]he claimant has the burden of proving by a preponderance of the evidence that some employment incident or activity brought about the health impairment on which he bases his claim. (citations) A possibility is insufficient; a probability is necessary." *Holmes,* 215 N.W.2d at 297.

Where causation rests on conflicting medical testimony, the issue is for the Commissioner to determine as a question of fact. *Barz v. Oler,* 257 Iowa 508, 512, 133 N.W.2d 704, 706 (1965). While the Commissioner may not totally disregard uncontroverted expert testimony, without explanation, acceptance or rejection of such testimony is within the "peculiar province" of the Commissioner. *Deaver v. Armstrong Rubber Co.,* 170 N.W.2d 455, 464 (Iowa 1969). *See also Catalfo v. Firestone Tire & Rubber Co.,* 213 N.W.2d 506, 510 (Iowa 1973). " . . . [W]hile expert testimony that a condition could be caused by a given injury is in itself insufficient to support a finding as to cause or connection, such testimony coupled with additional nonexpert testimony that claimant was not afflicted with the same condition prior to the accident or injury in question is sufficient." *Giere v. Aase Haugen Homes, Inc.,* 259 Iowa 1065, 1072, 146 N.W.2d 911, 915 (1966). *See also Deaver,* 170 N.W.2d at 463–64.

Applying these principles, we agree with the district court that the Commissioner's decision is supported by "substantial evidence" as that standard is defined above. Claimant testified that he experienced a burning and itchy feeling in his chest after being in a "real hot, steamy" room adjacent to a room in which caustic chemicals were mixed with hot water to be used for washing certain instruments. These pains would recur whenever he went back into that room. He had never experienced such pains prior to October 11, 1976. Dr. Wilson, the claimant's family doctor for more than twenty-five years, obtained samples of the chemicals, tested them, and found them to be extremely caustic. He examined claimant after the symptoms began to occur and was of the opinion that claimant's bronchial condition was caused by the inhalation of droplets of water containing traces of the caustic chemical used in cleaning. He also said that claimant's severe pains and difficulty of breathing were unusual since claimant had never been bothered by such conditions previously. Although claimant had been smoking for years, Dr. Wilson did not think this caused the symptoms. He did not know if smoking causes bronchitis. He further testified that, although smoking can cause scarring and irritation of the lungs, it does not do so suddenly. Dr. Nair, who examined claimant at petitioner's request, corroborated Dr. Wilson's testimony in that Dr. Nair's findings were consistent with chemical bronchitis. He also testified that other causes could create claimant's condition. Two other employees of petitioner experienced similar chest pains and irritation when working near the vats containing the chemicals. One, Don Schofield, who worked the same job as claimant's on another shift, also was on medical leave due to bronchitis.

Petitioner, of course, presented considerable evidence and testimony allegedly disproving any causal connection between claimant's injuries and his place of employment. In this case, however, the Commissioner as trier of fact had the duty to weigh the conflicting evidence and determine the credibility of witnesses. *Deaver,* 170 N.W.2d at 464. He chose to give more weight to the evidence presented on claimant's behalf in reaching his decision. Our only task in this appeal is to determine whether the district court was correct in deciding that the Commissioner's decision was supported by substantial evidence. Because we conclude that it was, we affirm.

AFFIRMED.