Chris POULA, Appellee,

v.

SIOUXLAND WALL & CEILING, INC., and Iowa Mutual Insurance Co., Appellants.

92-1891.

Court of Appeals of Iowa.

March 24, 1994.

Thomas B. Read of Crawford, Sullivan, Read, Roemerman & Brady, P.C., Cedar Rapids, for appellants.

Marc B. Moen, Iowa City, for appellee.

Considered by DONIELSON, C.J., and HABHAB and CADY, JJ.

DONIELSON, Chief Judge

In May 1984 while working for Siouxland Wall and Ceiling, Chris Poula fell from scaffolding. A day or two after the accident, Poula began suffering back pain. Subsequent medical examinations revealed Poula suffered a low back injury arising out of the accident. The injury required back surgery. Subsequently, Siouxland's insurance carrier, Iowa Mutual Insurance paid Poula's workers' compensation benefits and medical bills. On July 31, 1985, the industrial commissioner approved Poula's petition for partial commutation and the last weekly benefits paid pursuant to the commutation were paid on August 13, 1985.

By Fall 1985 Poula began doing heavy general construction work involving lifting. After a coughing and sneezing incident in November 1987, Poula began suffering back problems. A medical examination revealed a recurrent ruptured disk at the site of his old injury and an apparently newly ruptured disk. Ultimately, surgery was performed on the two injuries costing over $7000.

The treating physician based his initial opinion on an examination of the records of

Poula's previous condition and treatment. He said he could not conclude the new injury definitely was related to the injuries Poula received in 1984. Poula subsequently asked the treating physician to reconsider his opinion. Apparently, Poula was concerned about getting insurance to pay the cost of the surgery. The treating physician subsequently admitted he could receive payment of his bill for his treatment from an insurance company if the surgery he performed was related to the 1984 injury. After examination of a 1984 CT scan, along with a blind review by his partner, the treating physician concluded the coughing incident in 1987 aggravated a pre-existing condition created by the 1984 injury. The treating physician based his conclusion on the discovery of an injury to the back in 1984 which was not treated at the time.

On September 12, 1988, Poula filed a petition seeking a review-reopening proceeding. A deputy industrial commissioner decided weekly benefits were barred under the three-year statute of limitations under Iowa Code section 85.26. The deputy also denied further benefits to the claimant. The deputy rejected the treating physician's opinion because he had changed his opinion regarding the cause of the ruptured disks found in March 1988 and because both the physician and Poula had financial motives for giving a new opinion. Because the financial concerns may have played a part in the reconsideration, the deputy gave no weight to the treating physician's revised opinion. After rejecting the opinion, the deputy concluded there was no other medical evidence in the record supporting a causal connection between the 1984 work-related injury and the present injury. The deputy concluded the claimant's testimony standing alone was insufficient to support an award of medical benefits. Therefore the deputy denied benefits to Poula. The industrial commissioner affirmed the deputy's decision denying benefits to Poula.

On September 13, 1991, Poula filed a petition for judicial review asserting the deputy's decision to disregard the physician's testimony was arbitrary and unreasonable. After a hearing on the petition, the district court entered a ruling on November 4, 1992, reversing the industrial commissioner's decision. The court determined the deputy's rejection of the physician's opinion was arbitrary and unreasonable since the rejection was based solely on Poula's financial difficulty in paying medical bills. The district court ordered the case remanded to the industrial commissioner for reconsideration of the issue of causation.

On November 24, 1992, the respondents filed a notice of appeal.

■ Petitioner's action was properly brought under the provisions of Iowa Code section 17A.19 (1991). Our scope of review in cases arising out of the Iowa Administrative Procedure Act is to correct errors of law made by the district court. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 164–65 (Iowa 1982). The review function of the district court under section 17A.19 is to correct errors of law which are specified in section 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Id.* at 165. In order to make that determination, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.*, 350 N.W.2d 187, 191 (Iowa 1984).

■ Generally, the commissioner may accept or reject expert testimony entirely or in part. *Lithcote Co. v. Ballenger*, 471 N.W.2d 64, 66 (Iowa App.1991). The commissioner may not arbitrarily or totally reject the testimony, but must weigh the evidence and assess the credibility of the witness. *Catalfo v. Firestone Tire & Rubber Co.*, 213 N.W.2d 506, 509 (Iowa 1973). If a medical expert's opinion is based on an incomplete history, the commissioner may give it less weight or reject it. *Musselman v. Central Telephone Co.*, 261 Iowa 352, 154 N.W.2d 128 (1967). We are reluctant to allow the commissioner totally to reject expert testimony which is the

only medical evidence presented. *Leffler v. Wilson and Co.*, 320 N.W.2d 634, 635 (Iowa App.1982); *Langford v. Kellar Excavating & Grading, Inc.*, 191 N.W.2d 667, 668 (Iowa 1971).

In this case, Dr. Pontarelli's initial opinion was based on an incomplete history. His changed opinion was based on an examination of the original CT scan taken in 1984. Confirming his new opinion was the blind review by his partner and testimony by Poula his chiropractor noted the same injury in an earlier exam. We recognize the concern of the commissioner regarding the financial motivation for changing the opinion. We conclude, however, as did the district court, the commissioner's decision totally to reject Dr. Pontarelli's new opinion was arbitrary and unreasonable. We therefore affirm the judgment of the district court reversing the decision of the commissioner and remanding this case for further proceedings.

**AFFIRMED.**