# IN THE COURT OF APPEALS OF IOWA

No. 17-1127
Filed May 16, 2018

**DAVID SWANSON,**
 Plaintiff-Appellant,

**vs.**

**A.V. TRANSPORTATION, INC., and SPARTA INSURANCE,**
 Defendants-Appellees.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

A truck driver challenges a decision by the workers' compensation commission that he failed to prove his knee injury arose out of and in the course of his employment. **AFFIRMED.**

Matthew A. Leddin of Soper Leddin Law Firm, P.C., Davenport, for appellant.

Edward J. Rose of Betty, Neuman & McMahon, P.L.C., Davenport, for appellees.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Claimant David Swanson appeals the district court's affirmance of a determination by the Iowa Workers' Compensation Commission that he failed to prove his knee injury was related to his work as a truck driver. Swanson contends the commissioner wrongly discounted uncontested expert testimony that Swanson's injury resulted from an accident when he was "gassing up" his truck. Because the administrative record supports the district court's decision, we affirm.

## I.    Facts and Prior Proceedings

A.V. Transportation, Inc. (A.V.) hired Swanson as a semi-truck driver in 2008. In February 2013, Swanson reported an injury to his A.V. supervisor. Swanson wrote on the company's form that he hurt his knee as he climbed out of his truck's cabin to fuel up on A.V. property. Recounting the incident, Swanson said his right foot slipped on the ice-covered ground, he grabbed the truck's support rail, and he "did the splits." He felt pain in his right knee but thought it would subside so he did not immediately report the fall. When the pain didn't get better he reported the accident, estimating it occurred on February 14, but he later amended his report to allege the injury occurred on February 15. He eventually claimed the accident occurred on February 7.

Swanson met with Dr. Mary Shook and Dr. Camila Frederick at Clinton Occupational Health at the direction of A.V. Based on Swanson's retelling of events, Dr. Shook diagnosed Swanson with a knee strain resulting from his work activities. Swanson continued treatment at Clinton Occupational Health and when his knee pain did not improve, Dr. Frederick recommended magnetic resonance imaging (MRI) of Swanson's knee. The scan showed a tear in the knee's

meniscus. Swanson met with an orthopedic specialist, Dr. John Hoffman. Dr. Hoffman surgically repaired Swanson's knee and treated lingering pain with cortisone shots before determining Swanson reached maximum medical improvement. After receiving treatment from Dr. Hoffman, Swanson sought out an independent medical examination with Dr. Robert Milas. Based on Swanson's account, Dr. Milas determined Swanson's knee injury resulted from work-related activities.

In March 2014, Swanson filed a petition with the workers' compensation commission seeking arbitration and medical benefits for his injury. A.V. and its insurance carrier, Sparta, answered the petition by challenging whether Swanson's injury was connected to his employment. The deputy commissioner reviewed testimony from Swanson and two A.V. employees, as well as both parties' exhibits—including surveillance video showing Swanson get in and out of his truck without incident on the alleged date of injury. The deputy concluded Swanson failed to show by a preponderance of the evidence that his injury "arose out of and in the course" of his employment.

Swanson appealed to the commissioner. After a de novo review, the commissioner adopted the deputy's findings and agreed Swanson failed to show a causal connection between his work and his injury. Undeterred, Swanson sought review in the district court. The district court found substantial evidence in the record supporting the commissioner's conclusions. Swanson now appeals.

## II.    Scope and Standards of Review

Our review is governed by the Iowa Administrative Procedure Act, chapter 17A of the Iowa Code. *See* Iowa Code § 86.26 (2016); *Meyer v. IBP, Inc.*, 710

N.W.2d 213, 218 (Iowa 2006). "Under the Act, we may only interfere with the commissioner's decision if it is erroneous under one of the grounds enumerated in the statute, and a party's substantial rights have been prejudiced." *Meyer*, 710 N.W.2d at 218 (citing Iowa Code § 17A.19(10)). In workers' compensation cases, the district court serves as an appellate court correcting any errors of law made by the commissioner. *See Grundmeyer v. Weyerhaeuser Co.*, 649 N.W.2d 744, 748 (Iowa 2002). And when we review the district court's ruling, "we apply the standards of chapter 17A to determine whether our conclusions are the same as those reached by the district court." *Melson v. City Carton Recycling*, No. 06-1217, 2007 WL 4191953, at *3 (Iowa Ct. App. Nov. 29, 2007) (citing *Clark v. Vicorp Rests. Inc.*, 696 N.W.2d 596, 603 (Iowa 2005)). But the standard of review varies depending on what aspect of the decision is challenged in the petition. *See Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255–56 (Iowa 2012).

At issue is the factual causation for Swanson's knee injury. Accordingly, we limit our review to determining whether the commissioner's finding is supported by substantial evidence in the record made before the agency when that record is viewed as a whole. Iowa Code § 17A.19(10)(f); *Schreckengast v. Hammermills, Inc.*, 369 N.W.2d 809, 811 (Iowa 1985) ("Where there is a conflict in the evidence, the court is not free to interfere with the commissioner's findings."). Expert opinions based on incomplete histories are weighed along with the entirety of the record. *See Dunlavey v. Economy Fire & Cas. Co.*, 526 N.W.2d 845, 853 (Iowa 1995).

### III.     Analysis

With specified exceptions, employers must pay compensation for "all personal injuries sustained by an employee arising out of and in the course of employment." Iowa Code § 85.3(1). An injury arises out of employment when it is related to a working environment or a condition of employment. *See Miedema v. Dial Corp.*, 551 N.W.2d 309, 311 (Iowa 1996). "In the course of employment" refers to the time, place, and circumstances of the injury. *See 2800 Corp. v. Fernandez*, 528 N.W.2d 124, 128 (Iowa 1995).

Swanson challenges the commission's conclusion that he did not prove his injury was related to his work for AV. Swanson claims, "The agency's decision, upheld by the district court, was not supported by substantial evidence in the record." Substantial evidence refers to "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). According to Swanson, when evaluating the evidence, the commissioner did not give proper weight to Swanson's testimony or medical opinions from his treating physicians or the independent examiner's report.

Specifically, Swanson argues the commissioner improperly rejected unrebutted medical testimony concluding his knee pain resulted from a work injury. *See Poula v. Siouxland Wall & Ceiling Inc.*, 516 N.W.2d 910, 911–12 (Iowa Ct. App. 1994) (noting "[w]e are reluctant to allow the commissioner totally to reject expert testimony which is the only medical evidence presented"). But the medical evidence before the agency did not provide a reliable account of the cause,

location, or date of Swanson's injury because the doctors relied on Swanson's own account of the accident and accepted it at face value. The commissioner did not err by discounting the reliability of the medical records. *See Dunlavey*, 526 N.W.2d at 853 (noting opinions based on incomplete history are not binding on the commissioner).

Instead, the commissioner relied on surveillance video of the A.V. property. The video supports the commissioner's conclusion that Swanson failed to show the injury occurred when he exited his truck. It shows Swanson pull his truck into the A.V. lot to refuel. Swanson gets in and out of the truck cabin several times. At no point in the video does Swanson appear to slip on ice or fall into a "splits" position. The video shows several puddles of water, discernable by visible rippling patterns from vehicles driving through them and rain drops falling into them, rather than an ice-covered lot. In short, the video contradicts Swanson's testimony and his account to treating physicians.

According to Swanson, the video is unreliable due to the picture quality and two brief skips in coverage. We find the picture quality is sufficient for the careful observer to see ripples in the water puddles—rather than an icy surface.[1] And the two brief gaps in video coverage may be explained by the camera's motion activated recording system—Swanson walked out of view during each gap and no motion was detected. Swanson contends his accident must have occurred during

---

[1] Swanson tries to account for the inability to see ice in the lot by claiming fuel mixed with the ice to produce a yellow hue undetectable on the video. But he does not explain why an ice-fuel mixture would remain frozen when several thawed puddles are visible.

one of the gaps in coverage, but his contention is undermined by the preceding footage showing him climbing out of his truck and walking around without incident.

After reviewing the entire record, we find substantial evidence to support the commissioner's conclusion that Swanson failed to show his injury arose out of and occurred in the course of his employment with A.V.

**AFFIRMED.**